IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRANSGENDER LAW CENTER,**<br>  594 Dean Street<br>  Brooklyn, NY 11238<br><br>and<br><br>**RAPID DEFENSE NETWORK**<br>  11 Broadway, Suite 615<br>  New York, NY 10004<br><br>**Plaintiffs,**<br><br>v.<br><br>**UNITED STATES IMMIGRATION & CUSTOMS ENFORCEMENT**<br>  500 12th Street, SW<br>  Washington, DC 20536<br><br>**Defendant.** | Case No.   1:21-cv-2155 |

# COMPLAINT

Plaintiffs Rapid Defense Network ("RDN") and Transgender Law Center ("TLC") (collectively, "Plaintiffs"), by their undersigned attorneys, allege as follows:

## INTRODUCTION

1. This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, seeking the release of agency records from United States Immigration & Customs Enforcement ("ICE"), a component agency of the United States Department of Homeland Security ("DHS").

2. Through this action, Plaintiffs seek to compel ICE to release information regarding the treatment of people who identify as transgender in the custody of the DHS and ICE. These records will help the public better understand the conditions of detention for immigration detainees who identify as transgender and ICE's operation and oversight of

detention facilities that house transgender detainees.

3. On April 19, 2021, Plaintiffs requested the records at issue in this action from ICE. To date, despite their efforts to elicit the records or any substantive agency response, Plaintiffs have not received any determination regarding any of their three requests. Indeed, Plaintiffs have not received *any* communication from ICE regarding these requests. The agency's failure to provide any timely response is a violation of ICE's duties pursuant to FOIA. Its delay and constructive denial of Plaintiffs' FOIA requests are improper and should not be countenanced. As a matter of law, ICE should be required to fulfill its statutory obligations and release the requested records immediately.

## **PARTIES**

4. Plaintiff Transgender Law Center is a non-profit organization based in California with offices in California, Georgia, and New York. TLC is the largest national trans-led organization advocating for transgender and gender nonconforming people.

5. Plaintiff Rapid Defense Network is a non-profit organization organized under the laws of New York with its principal place of business in New York. RDN is a legal services organization dedicated to providing pro bono legal assistance to non-citzens facing deportation or detention. RDN monitors developments in immigration law that affect the rights of noncitizens who are facing detention and deportation and partners with law firms and law school clinics to bring impact litigation and habeas corpus claims on behalf of noncitizens.

6. Defendant ICE is an agency of the federal government. It has possession, custody and/or control of the records that Plaintiffs seek. ICE is located at 500 12th Street, SW, Washington, D.C. 20536.

## JURISDICTION AND VENUE

7. This action arises under FOIA. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).

8. Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

9. The Freedom of Information Act "focuses on the citizens' right to be informed about 'what their government is up to'" by fostering the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties." *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted). "[D]isclosure, not secrecy, is the dominant objective" of FOIA. *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (citation omitted).

10. Through the instant FOIA requests (and through this litigation), Plaintiffs seek to shine a public light on the conditions of detention for immigration detainees who identify as transgender and ICE's operation and oversight of detention facilities that house transgender detainees.

## REQUEST A

11. On April 19, 2021, Lynly Egyes and Sarah Gillman, on behalf of TLC and RDN, sent a FOIA request to ICE ("Request A") seeking the following records:

- Any records related to any discretionary decisions by ICE from January 1, 2015 to the present to detain a transgender or intersex person who has physical and mental health needs and who were found to be subject to mandatory detention pursuant to 8 U.S.C. §1226(c); Immigration and Nationality Act ("INA") Section 236(c);

- Any records related to any discretionary decisions by ICE from January 1, 2015 to the present to detain a transgender or intersex person who has physical and mental health needs and who were found to be subject to mandatory detention pursuant to

3

        8 U.S.C. §1225(b); INA §235(b);

- Any records related to any discretionary decisions by ICE from January 1, 2015 to the present to detain a transgender or intersex person who has physical and mental health needs and who were found to be subject to mandatory detention pursuant to 8 U.S.C. §1231;

- Any records related to the evaluation of an initial and continued decision to detain a transgender or intersex person from January 1, 2015 to the present;

- Any records related to any Field Office Director exercising prosecutorial discretion against keeping a transgender or intersex detainee in detention from January 1, 2015 to the present;

- Any records related to any Field Office Director exercising prosecutorial discretion in favor of keeping a transgender or intersex detainee in detention from January 1, 2015 to the present;

- All records from January 1, 2015 to the present related to assessments and housing placements of each transgender and/or intersex detainee as required pursuant to 6 C.F.R. § 115.41; and

- Any policies, procedures, guidelines, instructions, quotas or other materials concerning discretionary decisions to detain or not detain a transgender or intersex person from January 1, 2015 to the present.

A true and correct copy of Request A is attached hereto as Exhibit 1.

12. Pursuant to FOIA, an agency must make and communicate to the requester its determination regarding a request within 20 working days, or within 30 working days if it can show "unusual circumstances." *See* 5 U.S.C. § 552(6)(a)(i) & (a)(6)(B)(i). A requester is deemed to have exhausted their administrative remedies and may file suit if the agency misses the deadline to make and communicate its determination. 5 U.S.C. § 552(6)(C)(i).

13. The deadline to communicate a determination regarding Request A expired on May 19, 2021. Still, ICE has not communicated with Plaintiffs regarding this request to date.

14. In an effort to avoid litigation, counsel for Plaintiffs on May 3, 2021, sent an email to a DHS FOIA officer, asking to discuss FOIA Request A. A true and correct copy of that email is attached hereto as Exhibit 2. To date, Plaintiffs' counsel has not received any

response.

15. Plaintiffs therefore have exhausted their administrative remedies regarding Request A pursuant to 5 U.S.C. § 552(6)(C)(i).

## REQUEST B

16. Also on April 19, 2021, Lynly Egyes and Sarah Gillman, on behalf of TLC and RDN, sent a FOIA request to ICE ("Request B") seeking the following records:

- Any records created on or after January 1, 2015 related to the transfer of transgender or intersex detainees by ICE including, but not limited, to any policies, procedures, guidelines, instructions, quotas or other materials concerning transfer of transgender or intersex persons;

- Any records created on or after January 1, 2020 related to the transfer of transgender or intersex people by ICE during the COVID-19 pandemic including, but not limited, to any policies, procedures, guidelines, instructions, quotas or other materials concerning transfer of transgender or intersex people during the COVID-19 pandemic;

- Any policies, procedures, guidelines, instructions, quotas or other materials concerning detention of a transgender or intersex person during the COVID-19 pandemic for the period commencing on January 1, 2020 and continuing through the COVID-19 pandemic; and

- Any records related to the transfer of transgender or intersex people by ICE during the COVID-19 pandemic including, but not limited, to any policies, procedures, guidelines, instructions, quotas or other materials concerning transfer of transgender or intersex people during the COVID-19 pandemic.

A true and correct copy of Request B is attached hereto as Exhibit 3.

17. Pursuant to 5 U.S.C. § 552(6)(A)(i), the deadline to communicate a determination regarding Request B was May 19, 2021. ICE has not communicated with Plaintiffs about this request. Plaintiffs therefore have exhausted their administrative remedies regarding Request B pursuant to 5 U.S.C. § 552(6)(C)(i). In an effort to avoid litigation, counsel for Plaintiffs on May 3, 2021, sent an email to a DHS FOIA officer, asking to discuss FOIA Request B. A true and correct copy of that email is attached hereto as Exhibit 4. To date, Plaintiffs' counsel has not

received any response.

## CLAIM FOR RELIEF

### COUNT I
**(Declaratory and Injunctive Relief:
Violation of the Freedom of Information Act, 5 U.S.C. § 552)**

18. Plaintiffs reallege and incorporate by reference all previous paragraphs as if fully set forth herein.

19. ICE is an agency subject to FOIA, 5 U.S.C. § 552(f), and therefore must disclose in response to a FOIA request all responsive records in its possession at the time of the request that are not specifically exempt from disclosure under FOIA, and must provide a lawful reason for withholding any records (or portions thereof) as to which they are claiming an exemption.

20. The records requested in Requests A and B, described herein and attached hereto (Exhibits 1 and 3), are subject to release pursuant to FOIA.

21. ICE's failure to comply with its statutory duties and timely disclose the records sought by Requests A and B is a constructive denial of these requests and violates FOIA, 5 U.S.C. § 552(a)(3)(A).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Expedite consideration of this Complaint pursuant to 28 U.S.C. § 1657;

B. Declare that the records sought by Requests A and B, as more particularly described above, are public records pursuant to FOIA and must be disclosed;

C. Order ICE to provide the requested records to Plaintiffs, including electronic copies of records stored in electronic format, within 10 business days of the Court's order;

D. Award Plaintiffs the costs of this proceeding, including their reasonable attorneys'

fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

E. Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: August 12, 2021

Respectfully submitted,

BALLARD SPAHR LLP

*/s/ Matthew E. Kelley*
Matthew E. Kelley (Bar No. 1018126)
Leslie E. John
Elizabeth Weissert
Alex Levy
BALLARD SPAHR LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 508-1112
Fax: (202) 661-2299
kelleym@ballardspahr.com

*Counsel for Plaintiffs*

Sarah T. Gillman
(D.D.C. Bar # NY0316)
RAPID DEFENSE NETWORK
11 Broadway, Suite 615
New York, NY 10004-1490
sarah@defensenetwork.org

*Counsel for Rapid Defense Network*

Lynly S. Egyes
Transgender Law Center PO Box 70976
Oakland, CA 94612
Tel: 973-454-6325

*Counsel for Transgender Law Center*